# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1638 | **DATE** | 3/24/2000 |
| **CASE TITLE** | Joe N. Sherrod-Bey vs. George H. Ryan, et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. All of Sherrod-Bey's motions are denied. Each such denial, however, is without prejudice to the possible future reassertion of the same matter if supported by an appropriate showing. (9-1, 6-1, 4-1, 3-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 27 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOE N. SHERROD-BEY, )
)
Plaintiff, )
)
v. ) No. 00 C 1638
)
GEORGE H. RYAN, et al., )
)
Defendants. )

MEMORANDUM OPINION AND ORDER

Stateville Correctional Center ("Stateville") inmate Joe Sherrod-Bey ("Sherrod-Bey") has accompanied his self-prepared 42 U.S.C. §1983 ("Section 1983") Complaint against five Illinois officials--Governor George Ryan, Department of Corrections Director Donald Snyder, Jr., former Stateville Wardens George DeTella and Dwayne Clark and present Stateville Warden James Page[1]--with the prepayment of the entire $150.00 filing fee. That eliminates this Court's usual role of having to address the requirements of 28 U.S.C. §1915(a)(1) for in forma paupris filings.

But Sherrod-Bey has also accompanied his Complaint with these four motions (captions copied verbatim) based on his

---

[1] Originally Sherrod-Bey had tendered a self-prepared Complaint against the last three named defendants only, but within a few days he filed the amended Complaint referred to in the text. Under Fed. R. Civ. P. ("Rule") 15(a) he had an absolute right to do so without seeking court approval.

financial status:

> 1. "Motion to have the United states Marshal Serve Process without payment of fees";
>
> 2. "Motion to proceed in Forma Pauperis after pre-payment of the Filing fee";
>
> 3. "Motion for Class Certification for injunction relief only"; and
>
> 4. "Motion for Appointment of Counsel."

This memorandum opinion and order explains why each of those motions is denied for the present, without prejudice to the possible renewal of either or both on an appropriate showing.

As for the service of process, Rule 4 has long since been amended to take the United States Marshals Service out of the business of serving process except under special circumstances. One of the most significant amendments is that set out in Rule 4(c)(2), which allows service "by any person who is not a party and who is at least 18 years of age." That Rule goes on to say that service by a marshal or deputy marshal is required only if in forma paupris status has been authorized under Section 1915 (which is not true as to Sherrod-Bey). Because it is thus unnecessary to hire a professional process server and because Sherrod-Bey's Complaint ¶¶4 through 6 indicate that he knows just

2

where each defendant may be reached, there would appear to be no reason why Sherrod-Bey could not arrange with someone on the outside (say a family member or friend) to serve all three defendants. To be sure, Sherrod-Bey's motion says he "does not have a friend/relative who is willing to serve process for him," but a more specific explanation is needed before this Court could consider acting favorably on his motion.

As for Sherrod-Bey's second motion, it must be denied as premature. There is nothing at this point to identify or to quantify any litigation-related expenses to which Sherrod-Bey may be subjected in the future, or relatedly to indicate whether the current balance in his prison trust account (nearly $350) would suffice to take care of any such matters.

As to Sherrod-Bey's third motion (seeking class certification), for that purpose this Court does not of course address the merits (or possible lack of merit) of his constitutional claim as such (Eisen v. Carlisle & Jacquelin, 417 U.S. 156 (1974)). But in this instance it appears most likely that even if Sherrod-Bey's claim of the deprivation of Stateville prisoners' constitutional rights through the presence of a high level of radium in the Stateville tap water is viable, his own individual claim in that respect is most likely outlawed by the

two-year statute of limitations that governs Illinois-based Section 1983 actions (see Complaint ¶V.1 through V.10, indicating that Sherrod-Bey has been aware of the problem since well before March 1998).[2] Because it thus appears that Sherrod-Bey would not be an appropriate class representative even if the claim itself could pass scrutiny, his motion for class certification is denied.

Finally, the fourth motion (for appointment of counsel) is conditioned on the granting of the class certification motion. Hence that motion too is denied.

As stated at the outset of this opinion, all of Sherrod-Bey's motions are denied. Each such denial, however, is without prejudice to the possible future reassertion of the same matter if supported by an appropriate showing.

*[signature]*
Milton I. Shadur
Date: March 24, 2000        Senior United States District Judge

---

[2] In part Complaint ¶III.C.3 also says (copied verbatim):

> Over a hundred inmates has filed grievances complaining about the radium in the water at Stateville over the past two years and <u>all</u> the grievances has been denied on the grounds that their is no <u>immediate</u> danger to water consumers and the inmates can buy battled water off the commissary.

4